IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Keith Adger Smyth, | ) C/A No. 0:18-1218-RBH-PJG |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER AND** |
| | ) **REPORT AND RECOMMENDATION** |
| | ) |
| South Carolina Department of Corrections Director Bryan Stirling; Kennard Dubose, | ) |
| | ) |
| Defendants. | ) |

The plaintiff, Keith Adger Smyth, a self-represented state prisoner, filed this civil rights action against the defendants in their official capacities seeking injunctive relief and damages. Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915 and § 1915A. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the defendants' motion to dismiss. (ECF No.15.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (ECF No. 18.) Plaintiff filed a response in opposition to the motion. (ECF No. 30). Having reviewed the record presented and the applicable law, the court finds the motion to dismiss should be granted in part and denied in part.

**BACKGROUND**

The following allegations are taken as true for purposes of resolving the defendants' motion to dismiss. Plaintiff is an inmate in the Broad River Correctional Institution of the South Carolina Department of Corrections. (Compl., ECF No. 1 at 2.) Plaintiff claims he was sexually assaulted

by another inmate in his dorm on December 28, 2017. (Id. at 6.) Plaintiff claims that during the assault, he ran to the unit manager, Sergeant J. Johnson, who tried to take both inmates to an office to talk. (Id.) However, while in the office, the other inmate threatened Plaintiff and Johnson with a knife or axe. (Id.) Plaintiff claims he previously told the prison's mental health staff that he feared for his life because of the inmate who assaulted him, but that the inmate remains in the same prison as Plaintiff. (Id. at 6-7.) Plaintiff seeks damages against the defendants, whom he names only in their official capacities. (Id. at 7.) Plaintiff also asks the court to order the defendants to transfer the inmate who assaulted him to another prison and "put a red flag on him." (Id.)

## DISCUSSION

**A.     Rule 12(b)(6) Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). The court "may also consider documents attached to the complaint, see Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." Philips v. Pitt Cty. Mem'l

Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).

Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Erickson, 551 U.S. 89, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Defendants' Motion**

    **1.     Plaintiff's Claim for Damages**

The defendants argue that Plaintiff's claim for damages pursuant to 42 U.S.C. § 1983 should be dismissed because they are immune from suit. The court agrees. It is well-established that States are immune from suit. See U.S. Const. amend. XI; Alden v. Maine, 527 U.S. 706, 712-13 (1999); Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996); Hans v. Louisiana, 134 U.S. 1 (1890). Such immunity extends to arms of the state, including a state's agencies, instrumentalities, and employees. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101-02 (1984); see also Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997); Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (claims against a state employee for actions taken in an official capacity are tantamount to a claim against the state itself). While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state,

*PJG*

neither of those exceptions applies in the instant case.[1] Here, both of the named defendants are state officials, and Plaintiff expressly named them only in their official capacities. (Compl., ECF No. 1 at 2-3.) Thus, the defendants are immune from suit from Plaintiff's claim for damages pursuant to § 1983.[2]

### 2. Plaintiff's Claim for Injunctive Relief

The defendants' motion does not appear to address Plaintiff's claim for injunctive relief. (See Order, ECF No. 8 at 2 (construing prayer for injunctive relief pursuant to § 1983)). To the extent the defendants argue that their immunity from Plaintiff's claim for damages extends to Plaintiff's claim for injunctive relief, the court disagrees. Under Ex parte Young, 209 U.S. 123 (1908), "a federal court [is permitted] to issue prospective, injunctive relief against a state officer to prevent ongoing violations of federal law, on the rationale that such a suit is not a suit against the state for purposes of the Eleventh Amendment." McBurney v. Cuccinelli, 616 F.3d 393, 399 (4th Cir. 2010).

Moreover, to the extent the defendants argue that Plaintiff's failure to state a claim for relief for damages against the defendants in their individual capacities also requires dismissal of Plaintiff's

---

[1] Congress has not abrogated the states' sovereign immunity under § 1983, see Quern v. Jordan, 440 U. S. 332, 343 (1979), and South Carolina has not consented to suit in federal district court. S.C. Code Ann. § 15-78-20(e).

[2] To the extent Plaintiff intended to name the defendants in their personal, individual capacities, the court finds that Plaintiff has failed to state a claim upon which relief can be granted for the reasons stated by the defendants in their motion to dismiss. (ECF No. 15-1 at 4); see also Iqbal, 556 U.S. at 676 (providing that a plaintiff in a § 1983 action must plead that the defendant, through his own individual actions, violated the Constitution); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985) ("In order for an individual to be liable under § 1983, it must be 'affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. The doctrine of *respondeat superior* has no application under this section.'") (quoting Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977)).

PJG

claim for injunctive relief, the court also disagrees. While Plaintiff has failed to plead facts showing that the named defendants were personally involved in the failure to protect Plaintiff from attack on December 28, 2017, in light of the court's duty to liberally construe *pro se* pleadings, the court finds Plaintiff has adequately pled that he remains in imminent danger of assault by another inmate, and that the named defendants are officials who may be capable of providing redress if Plaintiff were successful in prosecuting this claim. See Simmons v. Poe, 47 F.3d 1370, 1382 (4th Cir. 1995) (stating an injunction is only available upon showing of a likelihood of substantial and immediate irreparable injury); see also Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1127 (9th Cir. 2013) ("A plaintiff seeking injunctive relief against the State is not required to allege a named official's personal involvement in the acts or omissions constituting the alleged constitutional violation. Rather, a plaintiff need only identify the law or policy challenged as a constitutional violation and name the official within the entity who can appropriately respond to injunctive relief.") (citations omitted). Here, Plaintiff alleges he was sexually assaulted by a fellow inmate who remains on the prison grounds with access to Plaintiff and the desire to assault him again. (Compl., ECF No. 1 at 6-7.) Plaintiff also alleges he warned prison officials about the other inmate but the other inmate remains in the prison and has not been identified or segregated as violent or an abuser. (Id.) Plaintiff claims he fears for his life because he fears the other inmate will sexually assault or rape him. (Id. at 6-8.)

**RECOMMENDATION**

Based on the foregoing, the court recommends Defendants' motion to dismiss be granted as to Plaintiff's claims for damages pursuant to § 1983, but denied as to Plaintiff's claim for injunctive relief.[3]  Further, the court recommends that Plaintiff's motion for judgment on the pleadings (ECF No. 30) be denied as the pleadings, standing alone, do not indicate that he is entitled to judgment as a matter of law.  See Independence News, Inc. v. City of Charlotte, 568 F.3d 148, 154 (4th Cir. 2009) (applying the same standard for motions filed pursuant to Federal Rule of Civil Procedure 12(c) as for motions made pursuant to Rule 12(b)(6)).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 17, 2018
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[3] Plaintiff also filed a "Motion to bring a third party in a complaint" in which he appears to seek to add a defendant, Sgt. Janice Johnson. (ECF No. 36.)  The motion is denied at this time.  To the extent Plaintiff seeks to add a new defendant, he must file a motion to amend his complaint pursuant to Federal Rule of Civil Procedure 15, and include a proposed amended complaint that complies with the pleading requirements of Rule 8, identified above.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).