UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Keith Adger Smyth, ) | Civil Action No.: 0:18-cv-01218-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| SCDC Director Bryan Stirling and ) | |
| Kennard Dubose, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court for review of Plaintiff's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Paige J. Gossett, who recommends (1) granting in part and denying in part Defendants' motion to dismiss and (2) denying Plaintiff's motion for judgment on the pleadings.[1]  *See* ECF Nos. 55 & 63.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), and she reviewed Plaintiff's pro se complaint pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A.  The Court is mindful of its duty to liberally construe the pleadings of pro se litigants.  *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally.  It does not require those courts to conjure up questions never squarely presented to them.").

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## **Discussion**[2]

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this action pursuant to 42 U.S.C. § 1983 alleging another inmate sexually assaulted him while he was housed "in the MLT dorm" at Broad River Correctional Institution. *See* ECF No. 1 (complaint). Plaintiff seeks monetary damages and injunctive relief, names two defendants—(1) Bryan Stirling, who is the Director of the South Carolina Department of Corrections ("SCDC") and (2) Kennard Dubose, who is apparently an SCDC employee (collectively, "Defendants")—and specifies he is suing Defendants only in their **official** (not individual) capacity. *Id.* Both Defendants have filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See* ECF No. 15. The Magistrate Judge recommends granting the motion as to Plaintiff's claim for damages but denying it as to Plaintiff's claim for injunctive relief. *See* R & R at pp. 3–6. The Magistrate Judge also recommends denying Plaintiff's motion for judgment on the

---

[2] The R & R thoroughly summarizes the factual and procedural background of this case, as well as the applicable legal standards.

2

pleadings.³ *Id.* at p. 6.

Although Plaintiff has filed a document entitled "Objections," *see* ECF No. 63, he does not specifically object to the Magistrate Judge's determination that his damages claim should be dismissed based on Eleventh Amendment immunity.⁴ Nor does Plaintiff specifically object to the Magistrate Judge's recommendation to deny his motion for judgment on the pleadings. *See Diamond & Camby*, *supra* (stating that absent a specific objection, the Court need only review the R & R for clear error and need not give reasons for adopting it).

Regardless, the Court agrees with the Magistrate Judge that Defendants are entitled to Eleventh Amendment immunity for damages sought against them in their official capacities. *See Lawson v. Union Cty. Clerk of Court*, 828 F.3d 239, 278 (4th Cir. 2016) ("The Eleventh Amendment bars suit against state officials in their official capacity for damages under 42 U.S.C. § 1983."). The Court also agrees that Plaintiff's motion for judgment on the pleadings should be denied. *See People for the Ethical Treatment of Animals v. United States Dep't of Agric.*, 861 F.3d 502, 506 (4th Cir. 2017) ("[A] motion for judgment on the pleadings under Rule 12(c) . . . should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief" (internal quotation marks omitted)). Finally, the Court agrees with the Magistrate Judge that Plaintiff's complaint does not allege Defendants had any personal involvement in the alleged deprivations of Plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must

---

³ Defendants have not filed objections to the R & R.

⁴ Instead, Plaintiff rehashes and supplements the allegations in his complaint.

3

plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Accordingly, the Court will adopt the Magistrate Judge's recommendation regarding Plaintiff's claim for damages.

As for Plaintiff's claim for injunctive relief, the Court notes that after the Magistrate Judge entered the R & R Plaintiff filed a Notice of Change of Address indicating he is now confined at Kirkland Correctional Institution (and no longer at Broad River Correctional Institution where the alleged sexual assault occurred and where the alleged offender was housed). *See* ECF No. 70. Thus, it appears Plaintiff's claim for injunctive relief is moot. *See Incumaa v. Ozmint*, 507 F.3d 281, 286–87 (4th Cir. 2007) ("[T]he transfer of an inmate from a unit or location where he is subject to the challenged policy, practice, or condition, to a different unit or location where he is no longer subject to the challenged policy, practice, or condition moots his claims for injunctive and declaratory relief . . . ."). The Court will therefore dismiss this action in its entirety without prejudice.[5]

Finally, the Court notes that Plaintiff previously filed a "Motion to bring a third party in a complaint," *see* ECF No. 36, which the Magistrate Judge denied after explaining Plaintiff must file a motion to amend his complaint if he seeks to name a new defendant. *See* R & R at p. 5 n.3. Plaintiff has not filed a motion to amend his complaint. Accordingly, the Court is dismissing this case at this

---

[5] The Court dismisses this action without prejudice because the dismissal is primarily based on Eleventh Amendment immunity (regarding Plaintiff's claim for damages against Defendants in their official capacities) and mootness (regarding Plaintiff's claim for injunctive relief), both of which deprive this Court of jurisdiction. *See Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 480 (4th Cir. 2005) ("Eleventh Amendment immunity has attributes of both subject-matter jurisdiction and personal jurisdiction."); *Andrews v. Taylor*, 2018 WL 2108022, at *6 (E.D. Va. May 7, 2018) ("The Fourth Circuit considers the Eleventh Amendment to be jurisdictional with respect to dismissals[,] and . . . district courts in this Circuit should dismiss on Eleventh Amendment grounds without prejudice."); *Porter v. Clarke*, 852 F.3d 358, 363 (4th Cir. 2017) ("When a case or controversy ceases to exist—either due to a change in the facts or the law—the litigation is moot, and the court's subject matter jurisdiction ceases to exist also." (internal quotation marks omitted)). *See generally S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is incapable of reaching a disposition on the merits of the underlying claims." (alteration in original) (citation omitted)).

time,[6] but out of an abundance of caution will permit Plaintiff to file any amended complaint within fifteen days of the date of this Order.

## Conclusion

For the foregoing reasons, the Court **ADOPTS IN PART** the R & R [ECF No. 55], **GRANTS** Defendants' motion to dismiss [ECF No. 15], **DENIES** Plaintiff's motion for judgment on the pleadings [ECF No. 30], and **DISMISSES** this action *without prejudice*.[7]  **Plaintiff may file any amended complaint within fifteen (15) days of the date of this Order.  If Plaintiff files an amended complaint, the Court will reopen this case and recommit the matter to the Magistrate Judge.**

**IT IS SO ORDERED.**

Florence, South Carolina
December 10, 2018

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

---

[6] *See, e.g.*, *Grady v. White*, 686 F. App'x 153, 154 n.* (4th Cir. 2017) ("We do not remand this matter to the district court, though, because the court previously afforded [the plaintiff] the chance to amend his complaint." (citing *Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623–24 (4th Cir. 2015), and *Domino Sugar Corp. v. Sugar Workers Local Union 392*, 10 F.3d 1064, 1066–67 (4th Cir. 1993))).

[7] Plaintiff's motion regarding discovery [ECF No. 68] is **MOOT**.

5